IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LONNIE KNOX-BEY, #05503-000      \*
         Petitioner,
                                     \*      Civil Action No.: WDQ-10-0062
    v.
                                     \*
J.D. WHITEHEAD, WARDEN[1]
         Respondent.
                                       \*\*\*

MEMORANDUM OPINION

Pending is Lonnie Knox-Bey's pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petition is fully briefed and a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the following reasons, the petition will be denied.

I. Background

Knox-Bey is in a residential re-entry center ("RCC") in Washington, DC. He is completing a 98 month sentence. Previously, he was an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI").[2] He is scheduled to be released on February 2, 2011.

On July 22, 2009, Knox-Bey attended a program review before his unit team at FCI, which included his case manager, unit manager, and counselor. ECF No. 1 at 2; Scott Greaser Aff. ¶ 6. Knox-Bey requested placement in an RCC for the last 12 months of his sentence. ECF No. 1 at 2.

---

[1] John F. Caraway has replaced J.D. Whitehead as the Warden at the Federal Correctional Institution in Cumberland, Maryland. The case style will be amended with Caraway as the respondent.

[2] Knox-Bey was an inmate at FCI when he filed his petition, giving this Court jurisdiction pursuant to 28 U.S.C. § 2241. *See Owens v. Roy,* 2010 WL 3448511, at \* 1 (5th Cir. Aug. 30, 2010)("The only district that may consider a habeas corpus challenge pursuant to § 2241 is the district in which the prisoner [was] confined at the time he filed his . . . petition.") (*citing Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004)).

At the review, his unit team considered that: (1) there was an RCC in Washington, DC, where Knox-Bey last resided, (2) Knox-Bey was eligible for RCC placement, (3) Knox-Bey did not have a residence to return to and could benefit from time to reestablish himself in the community, and (4) Knox-Bey had marketable job skills and a GED. Greaser Aff. ¶¶ 9-11. The team recommended an RCC placement of approximately six months, which they determined would be "a sufficient amount of time for [Knox-Bey] to transition back into the community." *Id.* ¶ 14.

On January 8, 2010, Knox-Bey filed his petition for writ of habeas corpus challenging the six-month placement. ECF No. 1. On March 17, 2010, he supplemented his petition to seek a $5,000.00 "gratuity" and reconsideration of the placement decision. ECF No. 5 at 3. He also seeks the maximum allowable period in an RCC and "all other benefits" established in the Second Chance Act of 2007. ECF No. 1.

II. Analysis

Knox-Bey states that he needed a 12-month RCC placement because he is homeless. ECF No. 1 at 16. He contends that the decision to give him a six-month placement violated the Second Chance Act and was "arbitrary, capricious, or otherwise an abuse of discretion." ECF No. 5 at 1.

The Second Chance Act permits eligible inmates to serve the end of their sentence in an RCC. 18 U.S.C. § 3624. It provides:

> The Director of the Bureau of Prisons shall, *to the extent possible,* ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. Such conditions *may* include a community correctional facility.

18 U.S.C. § 3624(c) (emphasis added).

Inmates do not have a constitutional right to placement at an RCC, and the Second Chance Act does not guarantee them a 12-month placement in such a facility. *Lovett v. Hogsten,* 2009 WL 5851205, at *2 (6th Cir. 2009 Dec. 29, 2009). Rather, pre-release placement decisions are committed to the discretion of the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3624(c); *Travers v. Fed. Bureau of Prisons,* 2009 WL 4508585, at * 4 (D.N.J. Nov. 30, 2009).[3]

The Act does require prison officials to consider placement "on an individual basis" and in a manner consistent with the five factors set forth in 18 U.S.C. § 3621(b). 18 U.S.C. § 3624(c). Those factors are: (1) the contemplated facility's resources, (2) the nature and circumstances of the offense, (3) the prisoner's history and characteristics, (4) any statement by the sentencing court, and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

The record shows that Knox-Bey's placement was considered on an individual basis and that his unit team considered the five factors before deciding that a six-month RCC placement was appropriate. *See* Greaser Aff. ¶¶ 7-11. The team determined that length was appropriate because: (1) Knox-Bey needed some time to adjust to the community, (2) there was an available RCC in his release area, (3) the sentencing judge did not place any restrictions on the placement,

---

[3] "These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations." *Travers,* 2009 WL 4508585 at *4. *See also Creager v. Chapman,* 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (Petitioner's disagreement with RRC placement date, given after consideration of the § 3621(b) factors, "does not establish a constitutional violation, as nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to any guaranteed placement in a residential reentry center[ ]" and " 'the duration of [RRC] placement is a matter to which the [BOP] retains discretionary authority") (citations and quotation marks omitted); *Chaides v. Rios,* 2010 WL 935610, at *2 (E.D. Cal. Mar. 15, 2010) ("In sum, the BOP has discretionary authority to transfer an inmate to an RRC at any time, after considering the factors set forth in 18 U.S.C. § 3621(b), and has a separate and distinct obligation to consider an inmate for transfer to an RRC for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b).") (citation omitted).

and (4) there was no pertinent Sentencing Commission policy precluding placement. *Id.* ¶ 8. However, Knox-Bey did not "demonstrate compelling and extraordinary re-entry needs" warranting a 12-month placement. *Id.* ¶ 13.[4]

Knox-Bey's disagreement with the placement does not warrant relief. *See Travers,* 2009 WL 4508585 at * 4; *Meachum v. Fano,* 427 U.S. 215, 223 (1976) (inmates have no constitutional right to confinement in a particular institution). His petition will be denied.[5]

III. Conclusion

For the reasons stated above, Knox-Bey's petition for writ of habeas corpus will be denied.

December 6, 2010  /s/
Date  William D. Quarles, Jr.
United States District Judge

---

[4] Placement in an RRC is discretionary. The statute is clear that the 12-month RRC placement is a maximum, not a mandatory, term. Two members of this bench have also noted the 12-month period is a statutory maximum. *See Wright v. Warden, FCI- Cumberland*, 2010 WL 1258181, at *2 (D. Md. Mar. 24, 2010); *Willis v. Warden*, 2010 WL 1137570, at *2 (D. Md. Mar. 19, 2010).

[5] In responding to this Court's order directing him to show cause why Knox-Bey's petition should not be granted, the respondent also moved to dismiss the petition on the grounds that it was moot or not ripe. ECF No. 4. The motion to dismiss will be denied as moot.